UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO: 3:00CR227 (SRU) |
| VS. | : | |
| YAMARR SHIPMAN | : | January 26, 2005 |

**MEMORANDUM IN AID OF SENTENCING**

The defendant, Yamarr Shipman, submits this memorandum as an aid to the Court in his sentencing. On February 1, 2001, Mr. Shipman pled guilty to count one of the Superceding Indictment charging him with Conspiracy to Posses with Intent to Distribute of Heroin, in violation of Title 21 U.S.C. sections 841(a)(1), 841(b)(1)(B), and 846. Since the date of his arrest in December, 2000 Mr. Shipman has engaged in active cooperation with the government, assisting in the investigation and prosecution of significant drug dealers in the Greater Bridgeport area. This cooperation has been recognized by the government in its Motion for Downward Departure from the sentencing range of 168 to 210 months of imprisonment. Mr. Shipman respectfully requests the Honorable Court to depart downward based upon his substantial assistance to the government.

I       LEGAL DISCUSSION

The United States Sentencing Guidelines operate in the context of section 3553 of Title 18 of the United States Code. Section 3553(a) provides that the court "shall impose a sentence sufficient, but not greater then necessary...

   A.    to reflect the seriousness of the offense, to promote respect for the law, and to
         provide just punishment for the offense;

      B.      to afford adequate deterrence to criminal conduct;

      C.      to protect the public from further crimes of the defendant; and,

      D.      to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner",

18 U.S.C. section 3553(a).

The sentencing court "has an independent power and responsibility to impose the proper sentence" under this statutory scheme. United States v. Pena, 930 F.2d 1486, 1495-96 (10th Cir. 1991); United States v. Agu, 763 F.Supp. 703, 704 (E.D.N.Y. 1991; United States v. Swapp, 719 F.Supp. 1015, 1025 (D. Utah 1989). Indeed, because "the prosecutor has tremendous discretion to decide whom to indict and what crimes to indict...the essence of our system of separated powers is that the judiciary have some discretion to counterbalance the prosecutor's awesome power." United States v. Jackson, 756 F. Supp 23, 27 (D.D.C. 1991).

The district court is afforded substantial discretion in determining whether a factor is appropriate for a downward departure. United States v. Galante, 111 F.3d 1029, 1035-36 (2d. Cir. 1997); United States v. Rioux, 97 F.3d 648, 663 (2d. Cir 1996); United States v. Broderson, 67 F.3d 452, 459 (2d Cir. 1995). A downward departure is appropriate if a mitigating factor "of a kind, or to a degree, not adequately taken into consideration" in the guidelines exists in the case, i.e., the case is out of the "heartland" of other cases to which the guidelines apply. U.S.S.G. 5K2.0; Koon v. United States, 518 U.S. 81, 98 (1996); Broderson, 67 F.3d at 458. Mitigating factors can serve as the basis for departure either individually or collectively. Rioux, 97 F.3d at 663.

1.      The Court Should Depart Downward Due to Mr. Shipman's Substantial Assistance to the Government

In this matter, the government agrees that Mr. Shipman provided valuable assistance to it in the case of United States v. Frank Estrada, et al. Mr. Shipman's cooperation is fully set forth in the Memorandum in Support of the Government's Motion for Downward Departure, filed by the United States Attorney. On this basis Mr. Shipman seeks a downward departure under U.S.S.G 5K1.1.

Because there is no dispute in this case that Mr. Shipman provided substantial and valuable assistance to the government Mr. Shipman respectfully requests that this court exercise its discretion and depart downward. Indeed the government's Motion for a Downward Departure and its accompanying memorandum sets forth in detail the cooperation provided by Mr. Shipman, and states fully the reasons why a downward departure is warranted. Most importantly, Mr. Shipman was the first defendant to plead guilty and cooperate with the government in the Estrada organization prosecution. As the Court is well aware the Estrada organization was a violent street gang who which had no compunction in resorting to violence to further its ends. During his cooperation he identified three major lieutenants of Mr. Estrada, doing so at great personal risk to himself and his family. He agreed to testify for the government in the Estrada and Jones family prosecutions, and in fact testified in the second Estrada trial. His cooperation was extensive, truthful, and helpful to the government and he respectfully requests the honorable court to give him a substantial departure for his cooperation.

Secondly, in deciding the appropriateness and extent of a downward departure under U.S.S.G 5K1.1, Mr. Shipman requests the Court consider the his Post-Offense Rehabilitation,

which, without the benefit of a 5K1.1 motion by the government, may have independently been a ground for downward departure. Since the Court has absolute discretion under U.S.S.G. 5K1.1, and the holding in United States v. Booker and United States v. Fanfan, 543 U.S. ___, (2005), as to the extent of a downward departure if any, Mr. Shipman is simply requesting the court to consider the extraordinary efforts he has engaged in to better his life while he was on pre-trial release. As the Court is aware Mr. Shipman was incarcerated from December 7, 2000, until July 22, 2003 when he was released by this Court. What is extraordinary about Mr. Shipman is that immediately upon his release he began a search for employment and was successful within five weeks, at Tomra Metro Recycling where he is a valued employee. See attached letter. Mr. Shipman has joined the local Union and anticipates a substantial raise upon his second anniversary as an employee at Tomra. Mr. Shipman has also become active in his church attending services as often as his schedule permits. Additionally, and most importantly he found out that he was the father of a 12 year old daughter, Shaqueisha Shipman. Upon learning of his child for the first time he embraced Shaqueisha, and immediately made plans to bring her into his life. He was united with her during the Christmas season of 2003, and has been in contact with her ever since. He supports her the best he can, sending $40.00 per week and supplying other support when asked by Shaqueisha's mother. Lastly, Mr. Shipman resides in his mother's home with his members of his immediately family and a mentally retarded aunt. Mr. Shipman assists in the care for his aunt, and assists his mother financially and emotionally in the home. He has become an asset to his family, and wants the opportunity to demonstrate to the court that he can become an asset to the community as well.

      Mr. Shipman served approximately two and one half years before he was released from prison. He has truly demonstrated a transformation since his release and he is respectfully

requesting the honorable Court to fashion a sentence which will allow him to remain in the community and continue on the positive path of life that he is currently on.

CONCLUSION

    Mr. Shipman provided pro-active substantial assistance to the government at great risk to his safety, and is making extraordinary efforts to rehabilitate himself since his arrest. Mr. Shipman requests the Honorable Court to impose a sentence which will allow him to remain in the community.

THE DEFENDANT,

YAMARR SHIPMAN

_____
Francis L. O'Reilly, CT 17505
87 Ruane Street
Fairfield, CT 06430
Phone 203-319-0707
Fax 203-319-0707

**CERTIFICATION**

I herby certify that a copy of the foregoing motion was hand delivered this day to:

Alex Hernández, Esq., AUSA
915 Lafayette Blvd.
Bridgeport, CT 06604

Ray Lopez
Senior United States Probation Officer
915 Lafayette Blvd.
Bridgeport, CT 06601

_____
Francis L. O'Reilly